**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TIMIE DEWAYNE WILLIAMS,

       Petitioner - Appellant,

v.

ROBERT PATTON, Director,
Oklahoma Department of Corrections,

       Respondent - Appellee.

No. 14-6095
(D.C. No. 5:13-CV-00558-W)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Petitioner-Appellant Timie DeWayne Williams, an Oklahoma state inmate, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Williams v. Patton, No. CIV–13–558–W, 2014 WL 1276583 (W.D. Okla. Mar. 27, 2014). Mr. Williams' appeal is treated as a request for a certificate of appealability (COA). See Fed. R. App. P. 22(b)(2). Mr. Williams contends that he is factually innocent of first-degree murder and that the State denied him due process when it failed to disclose a deal it made with a key prosecution witness, Isaac Hutchinson. We deny his request and dismiss the appeal.

## Background

Mr. Williams was charged with the first-degree murder of Ralph Roe under Okla. Stat. tit. 21, § 701.7(B).  Mr. Williams' first trial ended in a mistrial when the jury could not reach a unanimous verdict, but he was subsequently retried, convicted, and sentenced to life in prison.  State v. Williams, Case No. CF-2006-365 (Comanche Cnty. Dist. Ct. July 28, 2008).  At trial, Mr. Hutchinson testified that he loaned Mr. Williams the gun and that he saw Mr. Williams shoot Mr. Roe.  Trial Tr. (CF-2006-365) 267–70 (May 6, 2008).

Mr. Hutchinson testified he struck no deal with prosecutors and that they had only directed him to "[t]ell the truth."  Id. at 275.  He further testified that he had been charged as an accessory.  Id. at 282.  Upon Mr. Williams' conviction at the second trial, the State dismissed the accessory-to-a-felony charge against Mr. Hutchinson.  State v. Hutchinson, Case No. CF-2006-369.

On appeal to the Oklahoma Court of Criminal Appeals (OCCA), Case No. F-2009-1136, Mr. Williams requested an evidentiary hearing based on newly discovered evidence of an undisclosed deal between the prosecutor and Mr. Hutchinson.  The State agreed an evidentiary hearing was necessary, and the OCCA remanded the case to the trial court for an evidentiary hearing.  The trial court heard testimony from the assistant district attorney who prosecuted Mr. Williams, the district attorney who dismissed the charges, and Mr. Hutchinson's attorney.  See Evidentiary Hearing Transcript, CF-2006-365 (Sept. 17, 2010).

The trial court found "no evidence of any agreement between the state and witness Isaac Hutchinson at the time of trial to provide him with some benefit in exchange for his testimony against Williams." Aplt. App. 54 (citing Williams v. State, Case No. CF-2006-365, Findings of Fact and Conclusions of Law, at 2 (Comanche Cnty. Dist. Ct. Sept. 30, 2010)). The OCCA, relying on these findings of fact, determined that Mr. Williams failed to make the "threshold showing" that the State made an agreement with Mr. Hutchinson for favorable treatment in exchange for testimony against Mr. Williams. Aplt. App. 56 (Williams v. State, Case No. F-2009-1136 (Okla. Ct. Crim. App. Mar. 2, 2012)). The court explained that though Mr. Hutchinson "may have been expecting or hoping for some benefit from his testimony," the evidentiary hearing provided no evidence of a "corresponding promise from the prosecutors." Id. at 57. The OCCA thus affirmed Williams' conviction. Id. at 59.

Mr. Williams filed his federal petition on May 30, 2013. He argues that the State violated his Fourteenth Amendment right to due process by concealing a deal between Mr. Hutchinson and the prosecutor whereby Mr. Hutchinson would receive leniency for his testimony against Mr. Williams. Aplt. App. 11. The magistrate judge issued a Report and Recommendation and recommended that the petition be denied. Williams v. Patton, No. CIV–13–558–W, 2014 WL 1276237 (W.D. Okla. Mar. 7, 2014). The district court adopted the Report and Recommendation and denied the petition, finding that Mr. Williams' conviction

"was not contrary to, and did not involve an unreasonable application of, clearly-established Supreme Court precedent," nor was it "'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" See Williams v. Patton, No. CIV–13–558–W, 2014 WL 1276583, at *1–2 (W.D. Okla Mar. 27, 2014) (quoting 28 U.S.C. § 2254(d)(2)). Mr. Williams raises the same grounds for relief on appeal. Aplt. Br. at 14.

## Discussion

For this court to grant a COA, Mr. Williams must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Thus, Mr. Williams must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

We have reviewed Mr. Williams' opening petition and application for a COA, the district court's analysis as well as that of the assigned magistrate judge, the appendix, and the state-court transcripts. We must conclude that Mr. Williams has failed to make a substantial showing of the denial of a constitutional right given the deferential standards of review in 28 U.S.C. §§ 2254(d) & (e)(1).

- 4 -

Mr. Williams argues that the State's failure to disclose its agreement with Mr. Hutchinson amounted to a denial of his rights under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny. Aplt. Br. at 17–26. In Brady the Supreme Court held that the suppression of favorable, material evidence by the government violates the Due Process Clause. 373 U.S. at 87. Giglio expanded upon Brady and held the government's failure to disclose its leniency promise to a witness also violated the Due Process Clause. 405 U.S. at 152–53. Thus, an agreement or promise from the prosecutor to a witness in exchange for testimony must be disclosed. The agreement need not be express—"less formal, unwritten or tacit agreement[s]" must be disclosed as well. Bell v. Bell, 512 F.3d 223, 233 (6th Cir. 2008); see also Douglas v. Workman, 560 F.3d 1156, 1186 (10th Cir. 2009). However, here the state court found no agreement at all between Mr. Hutchinson and the State.

Mr. Williams argues the state court's finding that there was no agreement between Mr. Hutchinson and the State is "utterly unbelievable" in light of the facts and circumstances of the case. Aplt. Br. at 30. However, this state court finding is presumed correct and Mr. Williams has not overcome this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). He presents nothing beyond the circumstantial evidence of the State dropping its charges against Mr. Hutchinson after he testified against Mr. Williams to support his contention that the state court's determination was mistaken. Given the state court's finding that

no agreement existed, its rejection of the claim was not contrary to or an unreasonable application of Supreme Court precedent, nor an unreasonable determination of the facts given the evidence.  28 U.S.C. § 2254(d)(1)–(2).

Accordingly, we DENY a COA and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge